MARTHA CALDWELL, plaintiff in error, *vs.* BENJAMIN M. HAMMONS *et. al.*, defendants in error.

A bill was filed by the complainants as remaindermen, against the defendant, as tenant-for-life, praying for an injunction to restrain her from committing waste. It was alleged in their bill, that James Caldwell, in consideration of marriage, executed a deed of gift to the defendant, to a tract of land, by which he "gave, granted, and conveyed the said tract of land *to her and to her heirs and assigns;* to hold the same during her lifetime, and then said land to revert to my heirs, both of her and my former wife; provided that she shall have all she makes as her own each year, to dispose of as she sees fit, and to hold said land in any manner belonging as aforesaid." The bill was demurred to, on the ground that by the terms of the deed, an *absolute fee simple title* to the land was vested in the defendant, and not *merely a life-estate.* The Court overruled the demurrer: *Held,* that the demurrer was properly overruled; that by a fair construction of the whole deed, it was the intention of the grantor, to convey to the defendant a life-estate only in the land, and that such is the legal effect thereof, under the provisions of the Code.

Equity. Construction of Deed. Before Judge ROBINSON. Jones Superior Court. October Term, 1869.

On the 18th of August, 1866, James Caldwell made a deed to Martha Gray, reciting that " for and in consideration of five dollars cash, in hand paid, the receipt whereof is hereby acknowledged, and in consideration of the natural love and affection which he has and bears to Miss Martha Gray, hath given, granted, and doth by these presents, give, grant and convey to the said Martha Gray, her heirs and assigns, all that tract or parcel of land, * * * * * * containing three hundred acres more or less. To have and

Caldwell *vs.* Hammons *et al.*

to hold during the lifetime, and then said land to revert to my heirs both of her and my former wife, provided that the said Martha Gray, shall have all she makes as her own, each year, to dispose of as she sees fit, and to hold said tract or parcel of land in any manner belonging as aforesaid.    In testimony whereof," etc., as usual in such instruments.

This deed was made in contemplation of his marrying Miss Gray, and the marriage was solemnized.  It was his purpose and intention, by said deed, to convey to her an estate for life only, with remainder to his heirs, by his former wife and by her.    He died on the 7th of November, 1866.    There was no issue of this last marriage.    Benjamin Hammons, Robert A. Chambers, and Benjamin Sanders and their respective wives, with others, infants and grand children of said James Caldwell, were his sole heirs at law.    When Mrs. Caldwell (formerly Miss Gray) entered upon the premises they were in good repair and had sufficient cleared, arrable, land for a large family, say seventy-five or one hundred acres; now the premises are in bad repair, she is not managing it correctly, but, by bad husbandry, is greatly injuring it. Though the timber is not needed for ordinary repairs of the premises, nor more cleared land is necessary for her support, by herself and a tenant, she has cut down, or girdled and deadened the trees upon twenty-one acres of said land and threatens to do other acts of waste, to the damage of the remaindermen, aforesaid.

With these averments said remaindermen, by their bill against her, prayed that she be compelled to repair the said premises, so as to make them as good as when she entered upon them, to pay damages for said acts of waste, that she be enjoined from further waste, and that her life-estate be forfeited.

Her counsel demurred to this bill, the demurrer was overruled, and thereupon error is assigned here.

JAMES H. BLOUNT, for plaintiff in error.

ISAAC HARDEMAN, for defendants.

WARNER, J.

The deed set forth in the record appears to have been exe-
cuted in consideration of marriage, and by a fair and liberal
interpretation thereof, we think, it was the *intention* of the
donor to convey a life-estate only in the land to the donee,
and not an absolute fee simple estate, and such, we think, is
the legal effect of the deed, under the provisions of the Code,
sections 2650, 2655. There was no error in the Court below
in overruling the demurrer to the bill.

Let the judgment of the Court below be affirmed.