[S. F. No. 2889.    Department Two.—January 7, 1905.]

## THOMAS McGARRIGLE, Respondent, v. ROMAN CATHOLIC ORPHAN ASYLUM OF SAN FRANCISCO, Appellant.

DEED—LIFE ESTATE—INOPERATIVE GRANT OF REMAINDER—REVERSION IN GRANTOR.—A deed conveying a life estate to the grantee named therein, and after the description declaring that ''it is the purpose of the party of the first part by this deed, that after the death of the said party of.the second part, the said described lands shall become and be the property of the Roman Catholic Girls' Orphan Asylum of San Francisco, state of California,'' contains no operative words of grant to such asylum, and conveys to it no present interest in the property. The reversion was left in the grantor, and it required some future conveyance or some testamentary disposition to effectuate its transfer to the orphan asylum.

ID.—PRESENT INTEREST REQUISITE TO A DEED.—It is fundamental that while possession or enjoyment of an estate may be deferred, a deed, to be operative, must pass a present interest.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

D. C. Murphy, John L. Seawell, and Frank J. Sullivan, for Appellant.

J. M. Thompson, and C. H. Pond, for Respondent.

HENSHAW, J.—This action was to quiet title to forty-two acres of land in the county of Sonoma. Cordelia Jones during her lifetime conveyed an estate in the land in question to the plaintiff, who was her nephew. Subsequently, she died, and in the probate of her estate this land was distributed to Catherine McGarrigle, the mother of this plaintiff, subject to a life estate in plaintiff. Thereafter Catherine McGarrigle conveyed her fee to plaintiff, who instituted this action. Defendant claims by the deed above referred to from Cordelia Jones to the plaintiff, and the construction of that instrument is determinative of this case. It is in language as follows:—

"This indenture, made this 10th day of February, in the year of our Lord one thousand eight hundred and ninety-nine, between Cordelia Jones of Sonoma County, state of California, the party of the first part, and Thomas McGarrigle of the same place, the party of the second par,

"Witnesseth, that the said party of the first part, for and in consideration of the sum of love and affection and one dollar money of the United States of America, to her in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold, conveyed and confirmed, and by these presents does grant, bargain and sell, convey and confirm unto the said party of the second part, during his lifetime, all that certain lot, piece or parcel of land situate, lying and being in the township of Santa Rosa, county of Sonoma, state of California, and bounded and particularly described as follows, to wit: [Here follows description.]

*"It is the purpose of the party of the first part by this deed, that after the death of the said party of the second part, the said described lands shall become and be the property of the Roman Catholic Girls' Orphan Asylum of San Francisco, state of California."*

It is upon the italicized portion of this conveyance that appellant relies, but we are of opinion that the trial court correctly construed this clause as containing no operative words

of grant, and as failing to convey any present interest in the property. It will be noted that the appellant is nowhere mentioned as a grantee in the deed, and that the language of the clause is but an expression of the grantor's purpose in the future disposition of the property. It left in her a reversion after the life estate to Thomas McGarrigle, which required some future conveyance, or some testamentary disposition, to effectuate its transfer to the orphan asylum. But not only was there a failure of operative words to convey to the asylum, but no present interest can be said to pass under the language which was employed. It is fundamental that, while possession or enjoyment of an estate may be deferred, a deed to be operative must pass a present interest. This was not done by the instrument in question. The express purpose was—giving to it its fullest effect—that the land should become the property of the orphan asylum after the death of McGarrigle, but should not become its property before. Such attempted dispositions have been uniformly held to be inoperative in deeds. (*Bigley* v. *Souvey*, 45 Mich. 370; *Leaver* v. *Gauss*, 62 Iowa, 314; *Reed* v. *Hazelton*, 37 Kan. 321; *Sperber* v. *Balster*, 66 Ga. 317; *Pinkham* v. *Pinkham*, 55 Neb. 729; *Cunningham* v. *Davis*, 62 Miss. 366; *Donald* v. *Nesbitt*, 89 Ga. 290.)

The judgment and order appealed from are therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.