LYNCH v. LYNCH.

[83 South. 807, In Banc. No. 20967.]

1. DEEDS. *Delivery necessary to pass title.*

In a suit by a father to cancel a deed of gift to his son, it was incumbent on the son to show that the deed had been delivered to him before he could succeed in the litigation.

2. DEEDS. *Presumption of delivery from record disappears on showing no delivery.*

The presumption of delivery of a deed arising from lodging it for record disappears on a showing that the deed in fact was never delivered and that it has been in the grantor's possession ever since it was signed and acknowledged, except when in the possession of the clerk of the chancery court for record.

3. DEEDS. *Intention to deliver does not dispense with manual delivery.*

An intention to deliver a deed does not dispense with delivery, there must be an act showing a delivery.

APPEAL from the chancery court of Hinds county.

HON. LAMAR F. EASTERLING, Chancellor.

Suit by Fred Lynch, Sr., against Chas. A. Lynch. From an adverse decree, complainant appeals.

The facts are fully stated in the opinion of the court.

*Teat & Potter,* for appellant.

The grantor in the purported deed of gift has testified fully to all other facts touching the execution, the re-

cording of it, and of his withholding the delivery and the
reasons why that he did not deliver it, and stated that
he did not intend to deliver the deed unless he should
find himself in a very precarious condition of health,
and believe that his death would follow immediately.
The grantee, defendant below and appellee here, like-
wise took the stand and testified that he did not know
that the deed was made, had not seen it, that it was
not delivered to him, and he staked his case upon the re-
cording of the said deed by the grantor as a sufficient
delivery to him. This court in its opinion upon this
case, used the following language. "His whole case
rested and rests upon the presumption of delivery by the
recording of the deed. This presumption disappears
when it is shown that the deed was never delivered; that
it has been in the possession of the appellant ever since
it was signed and acknowledged, except the time it was
in the possession of the clerk of the chancery court.

Something has been said about the intentions of the
parties, whatever that may mean. The intention to do
a thing will not suffice. An intention to deliver a deed
does not dispense with delivery—there must be an act
showing a delivery. The only act proven which tends
to show a delivery was the record of the deed this raised
a presumption but the presumption yields to the fact
that the deed was never delivered. It never passed out
of his possession or out of his control. There is no dis-
pute about that. Besides, he testified that he never in-
tended to deliver the deed, unless he got sick. Evi-
dently he purposely held on to the deed, with a purpose
to destroy the same when he regained his health."

It will therefore be seen that this is one case in
which there is no matter of fact in consequence of the
decision of this honorable court to be ascertained by
the court below. The grantor having taken the stand
and under oath to state the whole truth about the execu-
tion and delivery of the deed and that having been ad-

judged by this court that he did not deliver the deed, defendant below and appellee here, having taken the stand and under oath to tell the whole truth, testified that the deed had never been delivered to him, and that he never saw the deed until the day of the trial in the court below, and having rested his case upon the presumption of delivery by recording of the deed, there remains no matter of fact which he could testify about this matter in the court below if the cause is remanded. The sworn testimony having thus been presented and this court having held that no delivery of the deed was made, about which there was no dispute in the court below and the matter of delivery resting solely upon the presumption of law from the recording of the deed and this having been by this honorable court decided against the appellee, there can be no other matter of fact to be determined by the court below. And upon this record it appears to be conclusive that the judgment here should be entered finally determining this lawsuit.

*Brunini & Hirsch,* for appellee.

As to whether there was a delivery of the deed presents an issue of fact. "Some courts have stated broadly that delivery is a question of fact. Taken literally, however, this declaration is, perhaps, too sweeping, as ignoring the occasional instances in which the undisputed facts establish delivery as a matter of law, and strictly speaking, the question is rather one of mixed law and fact, for from the detail of facts established, the legal conclusion must be drawn, though, since the jury usually must find a delivery or not, or else the circumstances from which the court may draw its conclusion, the question may properly be denominated, as has been done in a number of cases, largely one of fact, being so much so indeed that the decision of the lower court is conclusive unless the specific facts found conclusively establish the contrary." (8 R. C. L. 976.)

Upon this authority we humbly submit that the decision of the learned chancellor is conclusive on the question of delivery, that therefore, this opinion must necessarily be affirmed.

"There is no universal test, applicable to all cases, whereby the sufficiency of delivery can be determined, and it is impossible to state in exact terms what shall or shall not constitute a delivery; wherefore, whether the facts relied on to establish a delivery in a particular case are sufficient for that purpose is often a difficult question. Indeed, it has well been said that an arbitrary rule ought not to be laid down. " (8 R. C. L. 976-977.)

It was from all the facts and circumstances of the case that the chancellor based his decision. The Cardinal rule in determining the question of delivery is: What was the intention of the grantor? (8 R. C. L. 978.)

In fact our own court, in *Hall* v. *Barnett,* 71 Miss. 37, has held: "Delivery is a question of intention and it is deducible from all the circumstances of the transaction."

"Delivery may be inferred from the fact of acknowledgment. Likewise, the fact that a deed is on record is *prima-facie* evidence of delivery, or, as otherwise stated, warrants a presumption of delivery and acceptance, so that whoever makes assertion to the contrary has the burden of proving it. Moreover, since recording takes the place of the solemn ceremonies accompanying livery of seizin at common law, it has been called evidence of delivery of the most cogent character, requiring the countervailing proof to be clear and persuasive." 8 R. C. L. 1004. On these questions the case of *Buck* v. *Garber* (Ill.), 103 N. E. 1059, is in point. *Baker* v. *Hal,* 214 Ill. 364, 73 N. E. 351; *Reigel* v. *Reigel* 243 Ill. 626, 90 N. E. 108; *Prince* v. *Prince,* 258 Ill. 304, 101 N. E. 608; *Hill* v. *Kreiger,* 250 Ill. 408, 95 N. E. 468; *"Valter* v. *Blavka,* 195 Ill. 610, 63 N. E. 499; *Cribbs* v. *Walke,*¦ (Ark.), 85 S. W. 244; *Blakemore* v. *Byrnside,* 7 Ark.

505; *Srugham·*v. *Wood,* 15 Wend. 547, 30 Am. Dec., 75; *Turner* v. *Warren,* 160 Pa. 342, 28 Atl. 781; *Cummings* v. *Glass* (Pa.), 29 Atl. 848; *Allen* v. *Hughes,* 106 Ga. 785, 32 S. E. 927; *Wall* v. *Wall,* 30 Miss. 97, 64 Am. Dec. 147.''

So we confidently affirm that the retention of the deed by appellant and his exercise of complete possession of the property, and the failure of appellee to exercise any rights of possession are not in the slightest inconsistent with the deed of the grantor reserving title, but on the other hand are absolutely consistent with it.

In the case of *Wall* v. *Wall,* 30 Miss. 91, the grantor executed an instrument of writing, that is, signed and acknowledged it, but did not record it, which this honor-able court held to be a valid deed to the grantor's brothers and sisters, adults, reserving a life estate in the grantor.

''This being a voluntary settlement, and the rights of creditors or subsequent purchasers not being involved, the mere fact of the maker's retaining the instrument in his own keeping, intending that it should be considered as executed and delivered, will not render it invalid for want of delivery. *Clavering* v. *Clavering,* 2 Vernon, 473; *Souverbye* v. *Arden,* 1 Johns Ch. Rl. 256; 1 Jarman on Wills, 11; *Doe* v. *Knight,* 5 Barn. & Cres. 671. And as to the point of acceptance, that will be presumed from the fact that the settlement operates entirely to the benefit of the donees.'' *Metcalf* v. *Brandon,* 60 Miss. 685; *Young* v. *Elgin,* 27 So. 595.

On the question of delivery and acceptance the principles announced in the case of *Sullivan 1. Sullivan* (Ky.), 201 S. W., 24, are illuminating. *Commonwealth* v. *Jackson,* 10 Bush. 424; *Thompson* v. *Dearborn,* 107 Ill. 87.

In the instant case appellant made a deed of settlement, not one of bargain and sale, and while he did not mention that he had made a deed, he practically told ap-

pellee that he had done so, and appellee within a few weeks thereafter learned of its existence, which, taken with all the surrounding circumstances, shows a delivery, acceptance and assent of appellee, and the learned chancellor so held: "Where, however, the grantee, though having no knowledge at the time, of the deposit for registration, by the grantor, subsequently assents to the act, the delivery is deemed complete, and it has been declared that the delivery is complete unless the grantee subsequently dissents." 8 R. C. L. 1008, 1009, 1010, 1011, 1017, 1018.

The case of the *Franklin Insurance Company* v. *Friest,* 68 N. E. 188, is readily distinguished from the case at bar. The facts in that case were that the grantor had no knowledge that the deed had ever been made, signed or recorded until long after the destruction of the property by fire, and after the grantor did not intend to deliver the deed. The court in that case held that the question of delivery is to be determined by the court and the jury, and that if the deed is *recorded* by the grantor, delivery will be presumed, but that the presumption may be overthrown.

There is no war to be made with the announcements of the law in that case. The facts in that case with the one at bar differentiate them. The case of *Cravens* v. *Rossiter,* 116 Mo. 338, announces principles of law recognized throughout the decisions we have submitted. The question from 2 Jones on Real Property, 1289, states the law accurately. It is just that for which we have been contending, and because it is absolutely in accord wherewith, we again quote it.

A delivery may be inferred from the fact, among others, that after the instrument was completed, the grantor put it of record. But this is not conclusive of delivery. Recording alone does not constitute delivery, and generally it may be said that the recording of a deed by the grantor, without the knowledge of the

grantee or without other circumstances does not amount to a delivery.''

So it will be seen that Mr. Jones announces the law to be that the delivery may be inferred from the recording of the deed; that this inference is not conclusive; that the recording alone does not constitute delivery, and that if recorded by the grantor, without the knowledge of the grantee it does not amount to a delivery but becomes the qualifying clause ''without other circumstances.'' The court will note these qualifying clauses throughout the decisions reviewed by appellant.

The case of *Maynard* v. *Maynard,* 10 Mass. 462, appellant states that this case is ''on all fours'' with the instant case, and that the principles therein announced control in this case.

In that case the grantee was never present at any of the transaction involved in the execution of the deed, and he did without even knowing of the execution, or existence, of the deed, and besides that, the grantor made known to the scrivner that it was his intention to keep control over the deed until he should be more determined upon the subject. He retained the deed and of course, under those circumstances the grantee, having died without any knowledge of the existence of the deed, the court properly held that there was no delivery. Now look at the announcements in the case of *Weber* v. *Christen,* 12 Ill. 97, 11 N. E. 893, cited by appellant as in point, and sustaining his position in this case. Instead of holding with appellant it holds with the contention of appellee.

In the case of *Insurance Company* v. *Campbell,* 95 Ill. 279, the grantee never knew that a deed had been made to him until after the death of the grantor and when asked about it by the grantor's wife, after the death of her husband. The grantee never paid anything for the execution of the deed in the lifetime of

the grantor.  These are not the facts of the case at bar.

The case of *Jackson* v. *Phipps,* 12 Johns 418, announces a principle of law not at all inconsistent for what we are contending. The facts and principles announced in the case of *Young* v. *Guilbeau,* 3 Wall, 641, are not at all at variance. The case of *Herbert* v. *Herbert,* Breese, 344, appellant not having given the volume, is another one of those cases where the grantee had absolutely no knowledge of the existence of the deed, and where it was found by the administrator after the death of the grantor among his papers.

The case of *Wiggins* v. *Lusk,* 12 Ill. 1366, continues to announce the principles of the case for which we have been contending. The case of *Richard* v. *Walker,* 39 Ill. 413, is another one cited by appellant, but he says that this is a most favorable one to appellee.

The case of *Bogard* v. *Barkam,* presents facts clearly, distinguishing it from the case at bar. There was an effort on the part of the son and his mother to defeat specific performance of a contract to a third party. The case of *Young* v. *Guilbeau,* is cited for a second time by appellant on page 26 of this brief. This has already been reviewed by ourselves. We shall not take the time of the court upon a further discussion of the same.

We conclude this case by again copying the opinion of the learned chancellor on this point, and this court will observe how well the chancellor has stated the facts, as well as the law in the case.

Cook, J., delivered the opinion of the court.

The appellant, the father of the appellee, exhibited his bill of complaint in the chancery court of the First district of Hinds county, praying for the cancellation of a certain deed of gift heretofore signed and acknowledged by complainant and recorded in the office of the clerk of the chancery court.

This deed, by its terms, conveys certain described lands to the appellee and reserves to the grantor a life estate in the lands.

The sole question presented by this record is whether or not the deed from appellant to appellee was ever delivered to appellee. There is no evidence tending to show that the deed was manually delivered to the grantee, or to any one . for him except the recording of the deed upon the records of the county. The evidence shows that the deed has always been in the custody of the grantor except the time elapsing between the delivery of the deed to the clerk for record and redelivery of same to the grantor after it had been recorded.

The appellant testified that he did not intend to deliver the deed unless he got sick.

A brief statement of the undisputed facts will make clear the law of the case. The appellant was advised by his physician that he was in a rather serious condition physically; that he had vertigo and might at any time fall down a stairway and kill himself; and suggested that it would be wise for him to make a will, or in some way provide for the disposition of his property in case he should die. Acting upon this suggestion, he consulted a lawyer, and acting upon his advice he executed the deed now in question, conveying the land to appellee, but reserving a life estate in himself.

The grantee knew nothing about the purposes and action of his father before the deed was executed and recorded. It appears, however, that he did hear some time afterwards that his father had made some disposition of his property. He testified that, having heard that his father had made some disposition of his property, he went to see him about it. We quote from the record that part of appellee's testimony referring to the deed in question, viz.:

"I said, 'Papa, I came over here to-day to see you and ask you,' I said, 'what are you going to do for me.

You gave Fred,' I said, 'or sold him, all this Country Club property, and mother gave him that seventy-one acres where the homestead is, and you ain't gave me a thing at all,' and he said: 'You just go ahead on home and rest easy; I have made everything all right for you.'

"Q.   Did he tell you what he had made all right for you?   A.   No, sir;   he did not."

The learned chancellor entered a decree denying the relief sought. The concluding paragraph of the decree embodies the views and judgment of the chancellor in these words:

"I therefore am of the opinion that it was the intention of the grantor to part with the title at the time of the execution of the deed, and that his delivery of the same to the clerk for recordation, and the lapse of time it was allowed to remain of record before filing of this suit, and the fact that he at no time before the filing of this suit expressed any purpose or desire not to deliver the same, and all the other facts and circumstances, fail to rebut the presumption of delivery raised by the acknowledgment and filing of the deeds for record.

"The decree of the court will be that the bill be dismissed at the cost of complainant."

It will be seen that the chancellor based his conclusions upon the failure of the appellant to express any purpose or desire not to deiver the deed until he filed this suit. As we view the law, it was incumbent upon the appellee to show that the deed had been delivered before he could hope to succeed. His whole case rested, and rests, upon the presumption of delivery by the recording of the deed. This presumption disappears when it is shown that the deed was never delivered; that it has been in the possession of the appellant ever since it was signed and acknowledged, except the time it was in the possession of the clerk of the chancery court.

Something has been said about the intentions of the parties, whatever that may mean. The intention to do a thing will not suffice. An intention to deliver a deed does not dispense with delivery; there must be an act showing a delivery. The only act proven which tends to show a delivery was the record of the deed. This raised a presumption, but the presumption yields to the fact that the deed was never delivered. It never passed out of his possession or out of his control. There is no dispute about that. Besides, he testified that he never intended to deliver the deed unless he got sick. Evidently he purposely held on to the deed, with a purpose to destroy the same when he regained his health.

The case of *Hall* v. *Barnett,* 71 Miss. 41, 14 So. 732, is strikingly similar to the instant case. Aside from the sworn statement of the appellant, the facts of this case strongly suggest that the intention of the appellant was not to deliver the deed, but to destroy it, unless he became satisfied that his death was near.

In the many authorities cited by the appellees, we find nothing inconsistent with our views of the law of this case. The books are full of cases wherein it is held that the recording of a deed of conveyance raises a presumption of delivery, but no case can be found wherein the presumption thus raised does not yield to the facts.

*Reversed and remanded.*