[Civ. No. 3319.  First Appellate District, Division One.—April 30, 1920.]

ANITA L. HUGHES et al., Appellants, v. ALICE SCOTT et al., Respondents.

[1] DEEDS — GRANT OF LIFE ESTATE — PRESENT CONVEYANCE OF RE-MAINDER.—Where a deed to real property, after conveying to a given grantee a life estate therein, provides that, in the event of the death of said grantee, the property should "revert" to a daughter of the grantor, and to her heirs and assigns, and, in the event of the death of the daughter before the death of said grantee, the property should "revert" to the heirs of said grantee, and in the habendum clause there is an expression indicating the intent of the grantor to make a present disposition of the reversion in said property, such deed is operative as a present conveyance of the remainder after the termination of the life estate in the grantee.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert R. Syer and Owen D. Richardson for Appellants.

C. L. Witten for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action to quiet title. The facts of the case are undisputed and are briefly these: Michael Hughes was in his lifetime the owner of the premises in question. He had a son, William I. Hughes, who was the father of the plaintiffs herein, and a daughter, Alice Scott, who is one of the defendants, and he left surviving him his widow, Annie Hughes, another of said defendants. [1] On February 6, 1917, Michael Hughes made a gift deed of the premises in question to his grandson by another child, Leo C. Matthews, granting to the latter a life estate in said property. Following the words of said grant the deed contained this clause: "In the event of the death of said grantee herein said real property to revert to Alice Scott, my daughter, and to her heirs and assigns, and in the event of the death of said Alice Scott before the death of

said grantee herein then said property to revert to the heirs of said grantee.'' The habendum clause read as follows: ''To have and to hold all and singular the said premises, together with the appurtenances and privileges thereunto incident unto the said party of the second part during his lifetime *and as hereinbefore set forth.*'' After the death of Michael Hughes this action was commenced by the plaintiffs as his children and heirs to establish and quiet their title to their alleged interest in said property. To the amended complaint filed herein the defendants interposed a demurrer which the trial court sustained, and upon failure or refusal of the plaintiffs to amend, judgment was entered in the defendants' favor, from which judgment this appeal is taken.

The sole contention of the appellants is that by the clause above quoted from said deed no present interest in said property was conveyed either to Alice Scott or to the heirs of Leo C. Matthews, the grantee named in said deed. The only authority cited by the appellants in support of this contention is the case of *McGarrigle* v. *Roman Catholic Orphan Asylum, etc.,* 145 Cal. 694, [104 Am. St. Rep. 84, 1 L. R. A. (N. S.) 315, 79 Pac. 447]. We think, however, that a clear distinction can be drawn between said case and the case at bar. In that case, after the grant of a life estate in the premises therein involved, the conveyance proceeded with these words: ''It is the purpose of the party of the first part by this deed that after the death of the party of the second part the said described lands shall become and be the property of the Roman Catholic Girls' Orphan Asylum of San Francisco.'' The supreme court held that this clause contained no operative words of grant and amounted to nothing more than an expression of the grantor's purpose in relation to the future disposition of the property, and hence was inoperative to pass a reversionary interest therein. The cases which are cited in the opinion in that case as sustaining this view are found upon examination to be all cases wherein it was clearly the intent of the grantor that the conveyance of such interest should not take effect until after the grantor's death, and hence was void as testamentary in character. In the case at bar, however, the clause of the deed in question does contain words and phrases which are in the nature of operative words of grant, such as these: that in the event of the death of the grantee in said deed the

said real property should "revert to Alice Scott, my daughter, and to her heirs and assigns," and also the clause providing that in the event of the death of said Alice Scott before the death of said grantee said real property should "revert to the heirs of said grantee." In the habendum clause of said deed there is also an expression indicating the intent of the grantor to make a present disposition of the reversion in said property. It is a well-established rule of construction that all parts of a deed must be considered together and so construed as to give effect and meaning to every part thereof if possible. (Civ. Code, sec. 1641.) It is also well settled that the primary object of all interpretation of conveyances is to ascertain and carry out the intention of the parties thereto. (Civ. Code, sec. 1636; *Burnett* v. *Piercy,* 149 Cal. 178, [86 Pac. 603]; *Jacobs* v. *All Persons,* 12 Cal. App. 163, [106 Pac. 896].) The case last cited strongly resembles the case at bar in respect to the language of the conveyance involved, since after the grant of a life estate in the property the deed there in question proceeded to state "and upon and at the time of her death the title to all of said property shall pass to and be vested in" certain specified persons. This court construed said deed as conveying a life estate to the immediate grantee named therein with remainder over to the other persons to whom by the terms of said deed the said property was to pass upon the termination of the life estate. In so deciding, this court cited with approval the cases of *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049], *Burnett* v. *Piercy, supra, Henderson* v. *Mack,* 82 Ky. 379, *Carson* v. *McKashlin,* 60 Ind. 335, and *Caldwell* v. *Hammons,* 40 Ga. 342, in each of which the terms of the grant and reversion were similar to those in the conveyance in question here. These cases indicate what we think is the better rule to be applied to the construction of the clauses in the deed here under review, and in accordance therewith we are of the opinion that the trial court was not in error in sustaining the defendants' demurrer to the plaintiffs' amended complaint. This being so, the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Knight, J., *pro tem.,* concurred.