## MASSEY ET AL. *v.* WHITTAKER.

[88 South. 518, No. 21772.]

DEEDS. *Where intention of parties is plain, rule that first of two repugnant clauses must prevail is inapplicable.*

The rule of construction that, where two clauses of a deed are repugnant, the first must prevail, cannot be invoked where, from the whole instrument, the intention of the parties thereto is plain.

APPEAL from chancery court of Tishomingo county.

HON. A. J. McINTYRE, Chancellor.

Suit by H. S. Massey and others against Mrs. Mattie Whittaker for partition. From a decree of dismissal, complainants appeal. Reversed and remanded.

*T. A. Black* and *W. J. Lamb,* for appellant.

There can be no dispute about what the intentions of Mr. Hearn were when he made the deed, and what the intentions of Mrs. Hearn were when she received the deed, as to what she was getting, and that was a life estate. If the deed of H. Hearn to her conveyed the fee in the land, then there was no necessity for her to buy the remainder interest of Willis Hearn.

We submit to the court that our contention in this case is abundantly sustained by the cases of *Baker* v. *Richardson,* 96 Miss. 395; *Hart* v. *Gardner,* 74 Miss. 159; *Robinson* v. *Payne,* 58 Miss. 709.

*J. A. Cunningham,* for appellee.

The trial chancellor was evidently controlled in his opinion by a law laid down in the case *Dunbar et al.* v. *Aldrich et al.,* handed down by our court and found in 31 Southern Reporter, page 341, which appears to us to be decisive of the question at issue. Above case has been

cited and approved by a wide scope of authorities and stands preeminently the law of this jurisdiction on the question involved.

We have that law yet to learn which affects title of the holder in fee by acquiring quit-claim deeds of others with possible claims. The acquisition of this quit-claim deed cannot affect this title at all. There is nothing more common in abstracting than to get out and acquire quit-claim deeds. Our first person is yet to be learned of, whose title was weakened or lost thereby.

The appellants certainly beg the question and they go back into the will of Mrs. Hearn, for this will neither affects them nor their privies. The construction of the will is wholly a matter between this appellee and the other beneficiaries under the will. Strangers are not concerned therein.

The appellants filed this petition and took the burden of showing title in themselves to the undivided interest involved, but they have failed to do so, and it avails them nothing to go into questions concerning only Mrs. Whittaker and other people.

There is not a particle of proof in this evidence that the appellants had ever seen or heard of the quit-claim deed about which their counsel writes in his brief; nor is it shown by this record that the appellants had ever seen or heard of the will of Mrs. Hearn about which their counsel now recites in his brief.

The learned counsel states in his brief that the appellee had recognized certain conditions, but this avails him nothing, for nothing in this record intimates that these appellants have ever been misled by her or any conduct of hers or that they had ever been misled by any recital of the will of Mrs. Hearn or by the quit-claim deed; and therefore, no estoppel can be availed of.

We submit that the findings of the learned chancellor on this record should be confirmed.

SMITH, C. J., delivered the opinion of the court.

The appellants exhibited their bill in the court below against the appellee, alleging that they and the appellee are tenants in common of certain land, and praying for a partition thereof. The appellee by her answer denied that the appellants have any interest in the land. The cause was heard on bill, answer, and proof, resulting in a decree dismissing the appellants' bill.

The facts are that H. Hearn, who then owned the land, executed a deed thereto through which all of the parties hereto claim, the material portions of which are as follows:

"This indenture, made the 21st day of May, A. D. 1913, between H. Hearn, of the first part, and his wife, M. A. Hearn, of the second part, witnesseth that the said party of the first part, for and in consideration of the sum of three hundred dollars to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by these presents does grant, bargain, sell, and convey to the party of the second part, her heirs and assigns, that certain tract or parcel of land situated in the county of Tishomingo and state of Mississippi, known and described as follows: (Description omitted.) And it is further agreed that the said M. A. Hearn is to own the above land only during her natural life, the title then to go and be vested in my three heirs as follows: W. B. Hearn, Sarah Catherine Hearn Robinson, and Mattie Green Hearn, first two children, last one granddaughter, together with appurtenances to said premises belonging, and all estate, title, and interest, both at law and in equity, of the party of the first part in the same. To have and to hold the said granted premises, with the appurtenances, unto the parties of the second part, their heirs and assigns, forever, in fee simple."

W. B. Hearn afterward conveyed his interest in the land to Mrs. M. A. Hearn, and the appellants acquired by pur-

chase the interest of Sarah Catherine Hearn Robinson and Mattie Green Hearn. M. A. Hearn died leaving a will by which she devised her "undivided interest" in the land to her daughter, Mattie Whittaker, the appellee herein.

The contention of the appellee is that the grant to Mrs. M. A. Hearn, her heirs and assigns, contained in the first clause of the deed, is of an estate in fee simple, which cannot be cut down to a life estate by the later repugnant clause in the deed "that the said M. A. Hearn is to own the above land only during her natural life, the title then to go and be vested in my three heirs as follows," etc.

The rule here sought to be invoked is that, where there is a clear and manifest repugnance between two clauses of a deed, the first must prevail; but this rule, like all other rules of construction, cannot be invoked where, from an examination of the whole instrument, the intention of the parties thereto is plain (*Robinson* v. *Payne,* 58 Miss. 690; *Hart* v. *Gardner,* 74 Miss. 153, 20 So. 877), and from this deed, taken as a whole, it is manifest that the grantor intended to convey to his wife a life estate only, with remainder to W. B. Hearn, Sarah Catherine Hearn Robinson, and Mattie Green Hearn.

*Reversed and remanded.*