GRAHAM v. GRAHAM.

Feb. 25, 1952.

No. 38280 (57 So. (2d) 175)

**T. W. Graham,** pro se.

**Hugh N. Clayton,** for appellee.

**Hall, J.**

Appellant brought suit to cancel of record a conveyance of 1064 acres of land to his son, the appellee, upon the ground that said instrument has never been delivered to appellee. The chancellor denied the relief sought from which action the father appeals.

The facts developed at the trial are not in substantial dispute. The father prepared the deed and placed it of record. The son resides in California and did not even know of the existence of the deed until two years or more afterward. The deed was never delivered to the son. As soon as it was recorded it was delivered back to the father and he retained it in his possession. Later it was lost or misplaced but never got into the hands of the son.

In Harkreader v. Clayton, 56 Miss. 383, 390, 31 Am. Rep. 369, this Court said: "The final and complete act which makes a deed effectual is delivery. Whilst no specific formalities are necessary, the grantor must consent that the deed shall pass irrevocably from his control, and the grantee must accept it. If, from what occurs between grantor and grantee, a delivery and acceptance may be implied, it is equivalent to an actual delivery. It is the assent, express or implied, to the act, which gives it efficacy."

In our judgment this case is controlled by Lynch v. Lynch, 121 Miss. 752, 83 So. 807, 808, wherein this Court said: "As we view the law, it was incumbent upon the appellee to show that the deed had been delivered before he could hope to succeed. His whole case rested, and rests, upon the presumption of delivery by the recording of the deed. This presumption disappears when it is shown that the deed was never delivered; that it has been in the possession of the appellant ever since it was signed

and acknowledged, except the time it was in the possession of the clerk of the chancery court."

In his decision of this case the chancellor relied and the appellee here relies upon the case of Wilbourn v. Wilbourn, 204 Miss. 206, 37 So. (2d) 256, 259, 775. Our conclusion does no violence whatever to the decision in the Wilbourn case. In that case the court clearly recognized the rule laid down in the Lynch case to the effect that the presumption arising from recordation disappears when it is shown that there has been no delivery to the grantee but said "In the case at bar, appellant proved by his father's testimony sufficient facts to establish delivery." Quite the contrary is true in the case now before us. The son did not testify and it was established without dispute by the father's testimony that the deed was never delivered and consequently the presumption of delivery arising from the recordation of the instrument disappears. The rule in the Lynch case applies to the facts before us and therefore the decree of the lower court is reversed and decree will be here entered in favor of appellant.

Reversed and decree here.

**McGehee, C. J.**, and **Alexander, Kyle** and **Holmes, JJ.**, concur.