MARTIN, et al. *v.* ADAMS, et ux.

Jan. 19, 1953

No. 38619 16 Adv. S. 37 62 So. 2d 328

*Norman B. Gillis, Jr.,* and *L. S. McClaren,* for appellants.

*F. D. Hewitt,* and *Gordon & Gordon,* for appellees.

HOLMES, J.

The appellees here, who are husband and wife, brought this suit in the Chancery Court of Amite County against their eight children to cancel a deed executed by the appellee, Pink Adams, on September 8, 1950, purporting to convey to his wife approximately 402 acres of land in Amite County, and providing that "at the death of my wife the remainder in and to the said land is to go to and become the property of our children in equal shares. The descendants of any deceased child are to receive the same interest that the father or mother would have received if living at the time of my death."

The validity of the deed was assailed upon a number of grounds, but we deem it necessary to notice only the charge that the deed was void because of repugnancy between the granting clause and the latter clauses of the deed, and because of non-delivery.

There was a demurrer to the bill upon the ground that there was no deraignment of title. This demurrer was overruled and we think rightly so. █ Deraignment of title is required only in bills to confirm title to real estate, and to cancel and remove clouds therefrom. Sec. 1325, Mississippi Code of 1942. The primary purpose of this suit was to cancel the aforesaid deed and such was the relief prayed for in the original bill. Deraignment of title in the bill was, therefore, not required.

Assuming for the present the validity of the deed otherwise, we find no objection to it upon the ground of repugnancy. It is a well known rule of construction that where there is a clear and manifest repugnance between two clauses of a deed, the first will prevail, but this rule cannot be invoked where one plain intention can be deduced from the instrument as a whole. It is manifest from the whole instrument that it was the intention of the grantor to convey to his wife a life estate only, with remainder to his children. Massey et al. v. Whittaker, 126 Miss. 99, 88 So. 518.

We have reached the conclusion, however, that the deed is invalid because there was neither a delivery of the deed nor acceptance of it by the grantees. The facts are undisputed. The appellant, Pink Adams, was about 83 years of age. He was the owner of about 402 acres of land which he and his wife had occupied as their homestead since their marriage, a period of approximately 60 years. Without the knowledge of his wife, he had an attorney prepare the deed in question and executed it, and directed the attorney to file it for record and have it returned to him by the clerk. The attorney filed the deed for record on the same afternoon and paid the recording fees on it, and in a day or two thereafter it was mailed back to Mr. Adams by the clerk and placed in a safe with his private papers. On his return home on the night of the day of the execution of the deed, Mr. Adams told his wife what he had attempted to do and his wife immediately declined to accept the deed, and remonstrated with him for what he had done. The deed remained at all times in the possession of the grantor except during the short period it was in the hands of the clerk for recordation, and except on an occasion when Mrs. Adams took the deed to an attorney for his interpretation of it.

It is well settled that the delivery of a deed is essential to its validity. 26 C. J. S., page 231. It is equally well settled that it is essential to the validity of a deed that it be accepted by the grantee even though it is recorded. 26 C. J. S., page 253. While the recordation of a deed raises a presumption of its delivery, this presumption yields to the proof that the deed was never delivered. Lynch v. Lynch, 121 Miss. 752, 83 So. 807; Graham v. Graham, 213 Miss. 449, 57 So. 2d 175. The proof is undisputed that Mrs. Adams, the life tenant, declined acceptance of the deed immediately upon being advised of its execution, and the deed upon being recorded was returned to the grantor and remained in his

control. ██ Had there been a sufficient delivery of the deed to Mrs. Adams, the life tenant, it would have constituted a sufficient delivery for the benefit of the remaindermen. 26 C. J. S., page 252. The life tenant, however, declined to accept the deed and there being no delivery to her, there could be no delivery through her for the benefit of the remaindermen. The undisputed proof shows that there was not sufficient delivery and acceptance of the deed by the grantees, and hence the presumption of delivery arising from the recordation of the deed disappears. Lynch v. Lynch, supra; Graham v. Graham, supra.

We are accordingly of the opinion that the proof clearly establishes the non-delivery of the deed and that it is void for this reason, and that the trial court was correct in so holding. The question of the effect of the failure of Mrs. Adams to join her husband in a conveyance including homestead property is not raised, and we do not pass upon it and deem it unnecessary to do so in view of the conclusion we have reached. The decree of the court below is affirmed.

Affirmed.

*Hall, Kyle, Arrington,* and *Ethridge, JJ.,* concur. *McGhee, C. J.,* took no part.