BRADY, Justice:
This is an appeal from the Chancery Court of Quitman County, Mississippi, wherein the chancellor dismissed the appellants’ suit with prejudice and sustained the appellees’ general demurrer and one ground of a special demurrer. From that judgment this appeal is taken.
This suit arises because of a deed given by W. W. Wells to his wife, Mattie J. *399 Wells. He had acquired title to the 160 acres involved in this suit prior to October 22, 1949. The record does not disclose this to be a homestead. On October 22, 1949, W. W. Wells executed a deed conveying the land herein involved, other lands, and certain personal property to his wife, Mattie J. Wells, which stated as follows:
In consideration of ($100.00) one hundred dollars cash paid in hand, the receipt of which is hereby acknowledged, I hereby warrant, sell and convey to MATTIE J. WELLS, the following land in Quitman County, State of Mississippi; Particular described as the
(Description)
And after her death, by fee simple, the property be equally divided between Cloro V. Wells and Maggie Delora Avant.
W. W. Wells and Mattie J. Wells had no children and W. W. Wells died leaving Mattie J. Wells as his only heir at law. Furthermore, Mattie J. Wells died on July 27, 1959, leaving as her only heirs at law Maggie Delora Avant Wilkerson, one of the appellees, and Jim and John Avant, who are Maggie Delora Avant Wilkerson’s brothers. The appellants and Maggie Delora Avant Wilkerson are the children of a sister of Mattie J. Wells. The other appel-lee, Cloro (also designated as Clora) V. Wells, was a nephew of W. W. Wells, and was also the administrator of the estate of Mattie J. Wells, which administration terminated on January 23, 1961. This action was begun on September 2, 1969, by the appellants seeking an accounting from the appellees for rents and profits accruing from and after January 23, 1961. The appellants first claimed that the deed from W. W. Wells to Mattie J. Wells is void, and secondly that if not void is only valid as to Mattie J. Wells, urging that the remainder interest is non existent since the deed gives a fee simple title and not a life estate to Mattie J. Wells.
The appellees filed a general demurrer asserting that there is no equity on the face of the bill. A special demurrer was filed which contained two grounds, the first being that the deed was valid, in spite of its defective acknowledgment, and the remainder interest likewise was valid. Therefore appellees contend that the appellants have no valid claim to the property. The second contention urged by ap-pellees was that since W. W. Wells and Mattie J. Wells had both died prior to July 27, 1959, and because this action was begun on September 2, 1969, it is barred by the ten years statute of limitation.
It is unnecessary for us to consider the sustaining of the first part of the special demurrer or the contention of appel-lees that appellants’ right of action is barred by the ten year statute of limitation. The general demurrer presents the controlling issue, which is: Does the deed convey a fee simple title to Mattie J. Wells or only a life estate with remainder in the appellees, Cloro V. Wells and Maggie A. Wilkerson ?
The chancellor determined that the deed was valid and that from this conveyance it clearly appears that the grantor intended the remainder in fee simple to vest in Cloro V. Wells and Maggie Delora Avant Wilkerson, the appellees herein, nephew of W. W. Wells and niece of Mattie J. Wells, respectively, to be equally divided after the death of Mattie J. Wells. For these reasons the demurrer was sustained.
The new trend in interpretation of this rule of law appears to be toward ascertaining the true intent of the grantor when dealing with conveyances by deed as has been true in construing conveyances by wills in this jurisdiction for almost a hundred years. Anderson v. Anderson, 239 Miss. 798, 121 So.2d 393 (1960); Martin v. Adams, 216 Miss. 270, 62 So.2d 328 (1953); Massey v. Whittaker, 126 Miss. 99, 88 So. 518 (1921), and McDaniel v. Johns, 45 Miss. 632 (1871).
*400 It appears clearly to us that the specific intent of W. W. Wells was to grant a life estate to his wife with a remainder interest to the two appellees in this cause. We conclude that the verba generaba used in the deed accomplishes this intent. Conceivably by the use of the words in the deed at bar it can be argued that he granted only a fee simple title to his wife and therefore could not give anything to the remainder-men. Appellants vigorously urge that by his choice of words and his method of conveyance W. W. Wells has restricted himself to conveying only a fee simple title to Mattie J. Wells. However, it is evident to us that he intended to grant only a life estate to his wife. The older decisions with a strict construction of the words used to convey title hold that a fee simple title only is conveyed. This is contrary to the chancellor’s holding. The new construction is dominantly concerned with the intent of the grantor and therefore interprets from the wording of the deed that a life estate has been conveyed.
We are of the opinion that this deed, which obviously was not prepared by an attorney, sufficiently shows that it was the intention of the grantor, W. W. Wells, to convey to his wife a life estate only and upon her death a remainder to be divided equally between his nephew, Cloro V. Wells, and his wife’s niece, 'Maggie Delora Avant Wilkerson. If this was not the intention of the grantor, he certainly would not have included the final paragraph in his deed, namely, “and after her death by fee simple the property be equally divided between Cloro V. Wells and Maggie Delora Avant.”
This case is distinguishable from the case cited by the appellant and urged as controlling herein: McGarrigle v. Roman Catholic Orphan Asylum, 145 Cal. 694, 79 P. 447 (1904). The distinction between the McGarrigle case and the case at bar is simply, that in the McGarrigle case the deed did not pass a present interest. In the deed at bar only a life estate was granted to Mattie J. Wells and a present interest was passed to the appel-lees, the equal division to take place after the death of Mattie J. Wells. It should be noted also that the McGarrigle case was decided in 1904, and at that time the trend in the construction of deeds was extremely strict and the words of the deed were paramount in determining the type of conveyance which was executed rather than the true intent of the grantor. We feel that the intent is worthy of due consideration without impinging upon the actual construction of the words. Under the facts of this case we feel that the chancellor was correct in sustaining the demurrer to this bill of complaint.
For the foregoing reasons, the case is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.