RALEY ET AL. *v.* RALEY ET AL.

[83 South. 740, In Banc. No. 20972.]

DEEDS. *Conveyance to wife alone despite warranty to her children.*

    The court held in this case that the deed set out in its opinion was a conveyance to the wife alone, and not to her and the grantor's children, despite the covenant of warranty in the deed to defend title to her "and my children" such words of warranty not being words of grant.

APPEAL from the chancery court of Lauderdale county. HON. G. C. TANN, Chancellor.

Suit by E. Raley and others against J. H. Raley and others. From a decree for defendants, plaintiffs appeal. The facts are fully stated in the opinion of the court.

*Jno. W. McCall,* for appellant.

As shown by the pleadings outlined above, the appellants assign as error herein (1) an erroneous construction of this deed from A. J. Raley to Jane Raley and (2) the erroneous distributive share awarded appellants two questions in their order. We will discuss the two questions in their order. This brings us to a construction of the deed. In construing a deed we lay down as a universal rule followed by the courts:

1st. The court will ascertain the meaning and intent of the grantor by the meaning and intent of the words employed by the grantor in the instrument. That is to say, the court will follow the meaning of the words only.

2nd. The court will, in case of conflicting terms, try to harmonize the entire writing.

3rd. If there are conflicting clauses which cannot be harmonized then the operating or conveying clause will be put into full force even to the exclusion of the recitals, etc. *Miller* v. *Board of Supervisors,* 7 So. 429; *Dunbar* v. *Aldrich,* 31 So. 341.

In this deed in question the opening clause is plain and forceful. The entire consideration is the consideration from the grantor's wife, to-wit, five dollars cash and, second, his love and affection for her—absolutely no consideration from or to the grantor's children. The operating or conveying clause is as direct, simple and forceful as a deed in fee simple can be drawn. The grantor more than one time employed the words to Jane Raley "forever;" the warranty clause is simple,

as the grantor undertakes to warrant unto Jane Raley,
forever, the property in question but in concluding this
warranty clause the grantor adds the words "my chil-
dren." Nowhere in the deed is there a mention of his
children except in the concluding part of the warranty
clause. While it would be an easy matter to cite a
vast list of cases supporting the contention of ap-
pellants we feel that the case of *Dunbar* v. *Aldrich,* 31
So. 341, is decisive of this question and it needs no
further argument.

Therefore we urge, if the court please, that the de-
cree of the chancellor is erroneous first in the con-
struction placed thereon, and second that regardless of
the construction of this deed the interest awarded to
complainants and especially Ellis Raley is erroneous
and that proper judgment should be entered here ac-
cordingly and the cause remanded with directions to
sell.

*M. V. B. Miller,* of counsel for appellee.

The chancellor below took the view that the construc-
tion placed upon the deed by appellees was the rightful
one. It has been the uniform policy of this court to
uphold the findings of the chancellors unless they were
clearly and manifestly wrong, and this is true even
in those cases where the supreme court would have
found differently if they had been passing on the ques-
tions involved.

The burden of showing that the chancellor erred is
upon the appellees to show this clearly, and unless they
have met this burden, this court will uphold the decision
of the lower court. Appellees claim that appellants
have failed to meet this burden and that the record, as
it now stands, shows that if the lower court committed
the error, it was error of which appellants cannot be
heard to complain, because it was in their favor.

The court will effectuate the lawful purpose of deeds, as it will of all other instruments, if this can be done consistently with the principles and rules of law applicable.

The primary rule to be observed, therefore, is that the real intention of the parties is to be sought and carried out whenever possible, and statutes to that effect are found in many jurisdictions. All rules of construction are simply means to a given end being those methods of reasoning which experience has taught are best calculated to lead to the intention, and generally no rule will be adopted that leads to the defeat of the intention. So whatever may have been the earlier doctrine, it is now thoroughly settled that technical rules of construction are not favored, and must not be applied so as to defeat the intention. In modern times the more sensible rule obtains, in all cases to ascertain and give effect to the intention of the parties as gathered from the entire instrument, together with the surrounding circumstances. 8 Ruling Case Laws, page 1037. *Williams* v. *Calbourne,* S. & M., ch. 355; *Williams* v. *Clabourne,* 7 S. & M. 488; *Goosey* v. *Goosey,* 48 Miss. 210; *Hart* v. *Gardner,* 74 Miss. 153; *R. R. Co.* v. *Traction Co.,* 100 Miss. 282.

The cardinal rule in the construction of written instruments is to give the words of such instruments their ordinary and grammatical meaning, and then gather from the entire instrument the intent of the parties. *Goosey* v. *Goosey,* 48 Miss. 210.

The general rule that if there be earlier clauses in a deed, repugnant to latter clauses, the latter shall prevail does not apply where the inconsistent clause can be made to harmonize with the general purpose of the parties as derived from the whole instrument: *Goosey* v. *Goosey,* 48 Miss. 210.

This court said further in the Goosey Case "The whole contract must be considered, in determining the

meaning of its separate parts, so that, if practicable, harmony and congruity may be attained. The parties make the entire contract, and must be supposed to have the same general purpose and object in view in all its parts; if, therefore, some of the stipulations are more obscure than others, if one part is seemingly inconsistent with another, the main purpose and object may be so clear and distinct as to afford light upon those parts which are less so. It was very felicitiously expressed by Lord ELLENBOROUGH, in *Barton* v. *Fitzgerald*, 15 East. 541: "It is a true rule of construction that the sense of the parties, in any particular part of an instrument, may be collected *ex antecedentibus et consequentibus.*" Every part may be brought into action to collect from the whole one uniform and consonant sense, if that may be done. So it was laid down in *Duke of Northumberland* v. *Fitzgerald*, 5 T. R. 522. "It is immaterial in what part of a deed a particular covenant is inserted, for in construing it we must take the whole deed into consideration, in order to discover the meaning of the parties."

"It is urged by the appellants that the earlier clauses of the deeds gave an estate for life in the usufruct of the property to the mother, remainder to her children; that this intent is plain and they invoke the rule, that if there be in a deed earlier clauses, which are repugnant and inconsistent with the latter ones, the former shall prevail (Shep. Touch. 88 2 Pars. Cont. 513). Therefore, the conclusion is reached that such an estate, in remainder to the children, is inconsistent with the later covenant, that if Mrs. Goosey dies before her husband, she may dispose of the property by a will. The rule invoked applies in a proper case; if indeed the inconsistency be not so great as to avoid the deed for uncertainty. But such an election shall not be made between inconsistent covenants and clauses, if they can be made to harmonize with the general purpose and

scheme of the parties as deprived from the whole instrument.''

And also this court held in *Robinson* v. *Plaine,* 58 Miss. 692: ''That the *habendum* clause in the deed could not convert an estate in fee simple passed by the granting part of a deed into the lessor estate.'' This rule of construction was applied in that case because the deed expressed two repugnant intentions—the one or the other had to give way and the court held that this was a proper case for the application of a fixed rule of construction, but the court said further in that case, that rules of construction must give way where the deed shows the intention of the parties and that such intention of the parties must prevail whether it be discovered in the first or the last clause of the deed,'' and in *Morgan* v. *Morgan,* 8 A. & E. Ann. Cases, 943, the court held that ''where a deed contained two inconsistent provisions, one indicating that a life estate only was intended to be conveyed to a person and the other given or granting to such person an absolute and unlimited power of alienation and disposition of such estate in fee simple, would be held to pass a life estate or the fee simple as the one or the other may appear to be the primary intention disclosed by a consideration of the whole instrument.''

One of the errors of counsel for appellants in the trial of the case in the lower court is that he assumed that the first paragraph of the deed is the granting clause and that the second paragraph of the deed in question is an *habendum* clause or a clause in explanation of first clause. Upon close examination of this deed it is perfectly manifest that both the first and second paragraphs of the deed are granting clauses; that the second paragraph of the deed begins: ''I do hereby grant, bargain, sell and transfer and convey all my right, title, property and interest in and to said personal property, said mixed property and to said

lands forever, etc." If the words "grant, bargains, sell, transfer and convey" or words of similar import did not occur in the first paragraph at all, it would make no difference under this particular deed, because of the wording and terms of the second paragraph of said deed.

And under the authority of the *Goosey case* and the *Robinson case, supra,* this court must harmonize the two paragraphs and give meaning to both, and then the only rational conclusion to be reached is the one reached by the chancellor in construing this deed.

It is further a rule of construction that where a deed is drawn uniformly, not prepared by lawyers or persons familiar with the usual manner of transacting legal business, that the same strict rules of construction are not applied. *Everson* v. *Webster,* 3 S. E. 382, 44 A. S. R. 802; *Flagg* v. *Eames,* 40 Vt. 16, 94 A. Decisions, 363. The only authority cited by counsel to sustain his contention is, *Dunbar* v. *Aldrich,* 79 Miss. 698, 31 So. 341.

The rule announced in the Aldrich case is not in conflict with the rule announced in the Traction Co. case, the Hart case and the Clabourne cases. The rule in the Aldrich case is merely a rule of construction and not a rule of positive law and must yield to the rule that the intention of the parties is drawn from the whole deed. *Johnston* v. *Barden,* 1915 A. American Annotated cases 1243; *Atkinson* v. *Sinnott,* 67 Miss. 502.

Counsel for appellants cites the Aldrich case which holds that the operative part of the deed cannot be controlled by recital of other parts of the instrument. We did not think that this case is in point in the case at bar for the reason that clearly the last paragraph of the deed in question is just as truly a conveying paragraph as the first paragraph. It shows plainly that this man Raley, intended and did convey this land to his wife and his heirs, meaning thereby what anyone else

would mean, using the word "heirs" in a deed, his wife and his children and not her children. What other rational conclusion can be reached without cutting out of the deed the last paragraph? If the grantor did not want the last paragraph in the deed, what was his reason for placing it there.

Under the authority of the *Morgan case, supra,* which shows that where there are two inconsistent provisions in a deed—one passing a life estate, the other a fee simple, that in construing such deed, it will be held to pass a life estate only if it appear that this was the primary intention of the grantor. There can be no doubt that in construing the deed in the present case, which contains two inconsistent provisions, that the latter provision in which title to said property is conveyed to his wife and heirs, should be given effect If it appears from the deed as a whole and from the surroundng circumstances that this was the primary intention of the grantor.

Under authority of the Hart case and the Traction Co. case, there was only one rational conclusion for the chancellor to reach in construing the deed in the present case and that was the conclusion reached.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree rendered in a partition proceeding. A. J. Raley, a widower with several children, married a widow who will hereinafter be referred to as Jane Raley, who also had several children, of which marriage one child was born. Raley died in 1913 seized and possessed of certain land, and prior to his death he conveyed other land then owned by him by the following deed:

"I, A. J. Raley of said county and state, in consideration of five dollars to me paid by Jane Raley, and in consideration of the love I entertain for her, for said

consideration taken singly and for both considerations taken together, recognizing two considerations, either of which I regard as ample, and sufficient within itself —were it not for the other—I do grant, bargain, sell, transfer and convey to the said Jane Raley, who is of said county and state, forever, the following property, to wit:

"All my personal property of every description whatsoever and all my mixed property and the following lots, tract and parcels of land: Southwest quarter of southwest quarter, section 25, Township 5, and range 17 East. Northwest quarter, Northwest quarter, section 36, Township 5, Range 17 East, thirty acres in Southeast quarter of Southeast section 26, Township 5, Range 17 East.

"Said land is situated in district 5 of said county and state.

"I do hereby grant, bargain, sell and transfer and convey all my right, title, property and interest in and to said personal property, said mixed property and to said land forever. The same is incumbered, and I have the right to convey it and do hereby convey it for the consideration as above set forth and do hereby covenant with the said Jane Raley warrant and forever defend the title to said land and the other property against all legal claims whatsoever and in connection with the said Jane Raley, I do also for the love I entertain for my children covenant with her and my heirs to warrant and forever defend the title to said land and the other property to them, that is to Jane Raley and my children.

"Signed, sealed and delivered on this the 17th day of January, 1896.                    A. J. RALEY.

Jane Raley died in 1915, and thereafter this proceeding was instituted for a partition of the property hereinbefore referred to; the complainants therein being the children of Mrs. Raley, including the child born of her second marriage, and the defendants therein being the children born of Raley's first marriage.

The sole question presented by this appeal for our determination is, does the deed hereinbefore set out convey the property therein described to Jane Raley alone or to her and the grantor's children?

Mrs. Raley is the sole grantee in the granting clause of the deed, but the contention of her husband's children is that the intention of the grantor must be collected from the whole deed, and that the words "I do also for the love I entertain for my children covenant with her and my heirs to warrant and forever defend the title to said land and the other property to them, that is to Jane Raley and my children," indicates that Raley intended to convey the property to Mrs. Raley and his children. These words appear in the covenant of warranty and it is impossible to determine what the grantor meant thereby, but they cannot be held to convey any interest in the property to his children, for the reason that they are not words of grant; such words, in some form, being absolutely essential to the passing of an estate by deed. The conveyance is to Jane Raley alone.

The court below having decided the case on the theory that this deed conveyed an estate to Jane Raley and the grantor's children, its decree must be reversed and the cause remanded.

*Reversed and remanded.*