INZER, Presiding Justice,
for the Court.
Appellant Alex S. Avera brought suit in the Chancery Court of Greene County against Richmond R. Avera and others seeking to have the claim of the defendants to certain lands in Greene County cancelled as a cloud on his title.
The land in question, and other lands, were owned by Alex Ebenezer Avera who died in 1934. He left surviving him as his sole heirs at law his widow, Nora Avera, and six children, who became vested with a one-seventh interest each in the land in question. By conveyance from the other heirs, title to all the land involved in this case became vested in Nora B. Avera and her two sons, Richmond R. Avera and Alex S. Avera in unequal shares, Nora owning an %i interest, Richmond owning an %i interest and Alex owning a V21 interest.
On April 4, 1946, Richmond and Alex conveyed by warranty deed the land in question to Nora B. Avera. After describing the land, the following provision was written into the deed:
This deed is made with full knowledge and understanding with all the parties concerned that at the death of Mrs. Nora B. Avera, title to the above described land will revert to Alex Sharp Avera.
It is understood that Richmond R. Av-era is reserving barn on above described property and is to remove same within five (5) years from date.
On November 9, 1963, Nora executed and delivered to Richmond a warranty deed conveying to him a part of the land conveyed by the April 4,1946, deed. A part of this land was conveyed by Richmond to the other defendants.
Nora B. Avera died on December 15, 1969, and on October 3,1970, appellant filed this suit claiming that when his mother died he became the owner in fee simple of the land described in the deed. After a hearing, the chancellor in his opinion stated among other things as follows:
It is the contention of Alex S. Avera that the statement in the above men *655 tioned deed should be construed to mean that since his mother has now died that he is the owner in fee simple of the land described in that deed. The Court is unable to so interpret the deed. Mrs. Nora B. Avera did not sign the deed. She was the grantee and conveyed nothing. And after that deed was executed and before she died she conveyed her interest in part of the land to Richmond Avera.
The deed conveys nothing from Richmond Avera to Alex Sharp Avera. The complainant urges that the deed should be liberally construed so as to mean that Richmond Avera conveyed to his mother a life estate and at her death his interest to go to Alex S. Avera and that the Court should liberally construe the deed so as to convey such meaning.
The Court has carefully considered this contention in the light of modern interpretation of a deed to reflect the true intention of the parties. However, after rechecking the cases I am unable to find sufficient in the deed to convey anything from Richmond Avera to Alex Sharp Av-era. The deed is to Mrs. Nora B. Avera and the word revert is used. This is insufficient to convey any title from Richmond to Alex, but provides for reversion to Alex.
I hold therefore that the deed from Mrs. Nora B. Avera to Richmond Avera in 1964 conveyed her interest in the land described therein. But she had only a life estate in the interest conveyed to her by Alex. And at her death the %i interest of Alex S. Avera reverted to him, and he is the present owner of such portion. The remaining undivided interest is owned by Richmond Avera, and the heirs of Mrs. Nora B. Avera.
That is to say the NW Vi of SE Vi of NE Vi and S Vz of NE Vi of NE Vi of Section 31, Township 4 North, Range 7 West is owned by Richmond R. Avera, a 16/2i interest and by Alex S. Avera a Vz\ interest; that the N Vz of NE V\ of SE Vi of said Section 31, Township 4 South, Range 7 West, is owned by Richmond R. Avera, an V21 interest; by Alex S. Avera, a V21 interest; and by the estate of Nora B. Avera an V21 interest.
On appeal it is contended that by virtue of the provisions in the deed of April 4, 1946, that upon the death of Mrs. Nora B. Avera appellant became the owner in fee simple of the land described in the deed. It is argued that it was intended by the parties to vest a life estate in Nora and upon her death title to all the property would vest in Alex. In support of this argument, appellant cites and relies upon Avant v. Wells, 244 So.2d 398 (Miss.1971). We are unable to see how this case is in point except possibly as to the interest that Alex conveyed to his mother. Since appellees agree that Alex only conveyed to his mother a life estate in his %i interest and upon her death he became the owner of the Vz\ interest in the land in question, we need not explore this feature of the case. In Avant, supra, the grantor conveyed the land to his wife and provided that after her death by fee simple the property be equally divided between Clara V. Wells and Maggie Avant Wilkerson. We held that it was clear that the grantor intended to convey to his wife a life estate and to vest the remaining interest in his nephew and niece.
It is important to note that Richmond by virtue of the deed conveyed and warranted to his mother his %i interest in the land and only reserved the right to remove the barn from the premises. Alex was not a grantee in the deed and no words are found in the deed that can be said that Richmond conveyed to his mother a life estate with the remainder vested in Alex. The fact that Nora accepted the deed with the foregoing provision therein did not bind her to convey to Alex nor did it reduce her %i interest, in the land to a life estate and vest the remainder in Alex.
It is well settled that Alex could not reserve anything that he did not own. In Barataria Canning Co. v. Ott, 84 Miss. 737, 37 So. 121 (1904), this Court said:
A reservation in a deed must not only be, as hereinbefore pointed out, of something which would otherwise, by operation of the terms of the deed, be conveyed, but it *656 must necessarily be of something which belongs to the grantor at and before the execution of the deed. Property cannot be conveyed by reservation, and yet that is what is attempted to be done if the construction contended for by appellees be sustained. At the date of the deed appellee owned the land and the water front with all littoral and aquatic rights lawfully appurtenant thereto. Appellant owned the oysters which it had planted and bedded in the waters in front of the land. By deeding a portion of the land and reserving certain rights which are merely incident to the land, appellees claim to have acquired title to the property of the appellant. This view cannot be sustained. Appellant, being the owner of the oyster beds which it had planted, cannot be divested of its ownership by implication, and appellees can only acquire those rights by express grant. It is no argument upon either side to say what the intention of the parties was. The deed must speak for itself, and, if the reservation be so indefinite as to convey no certain meaning, it will be held to be ineffectual.
(84 Miss. at 757, 37 So. at 125).
Cook v. Farley, 195 Miss. 638, 15 So.2d 352 (1943), involved the question of who owned the mineral rights under 200 acres of land. Dr. Cook and his wife owned the land in fee simple. They conveyed by warranty deed to one Goss, which contained the following exception: “There is also excepted from this conveyance all oil, gas and mineral deposits on said land, which the grantors herein have promised to convey to Acquilla B. Cook.” Acquilla B. Cook was the son of the grantors and to whom no deed of conveyance was ever executed by his parents. Acquilla conveyed his interest in the minerals to Farley, who also acquired the interest of Goss in the land.
In holding that the son acquired no interest, we said:
First, the son of the grantors in the deed was not a party thereto, it was not delivered to him, and it contains no words of a present grant or conveyance. The language employed in the exception is merely explanatory of the grantors’ present purpose or reason for not then conveying the minerals to their grantee Goss. Under what terms and conditions, and for what consideration, if any, they may have promised to convey the minerals to their son at some future date, or whether or not the same were complied with by him, is not disclosed. But it is sufficient to say that the conveyance to Goss for the land contained no words importing a grant of the minerals to the son of the grantors therein.
(195 Miss. at 649, 15 So.2d at 355).
In the case before us Alex was not a grantee in the deed and the deed contained no words of a present grant to him. In Farley, the Court cited and discussed the cases of Hall v. Hall, 66 Miss. 35, 5 So. 523 (1888), and Raley v. Raley, 121 Miss. 555, 83 So. 740 (1920). In Raley, Jane Raley was the sole grantee in the granting clause of a deed which contained a provision to the effect that “I do also for the love I entertain for my children, covenant with her and my heirs to warrant and forever defend the title to said land and other property to them, that is to Jane Raley and my children.” This Court held that these words could not convey any interest in this property to his children, for the reason that they were not words of grant, such words in some form being absolutely essential to passing of an estate by deed. In the case before us there are no words in the instrument in question that can be said to be words of grant from either Nora or Richmond to Alex. The most favorable construction to Alex is that by the deed in question Alex only conveyed a life estate to his 5/2i interest and that upon the death of his mother, he became the owner in fee simple of this V21 interest. The appellees agree that he owns this interest and the chancellor so found.
We are of the opinion that the holding of the chancellor was correct and that the decree entered in this case should be affirmed.
AFFIRMED.
*657 GILLESPIE, C. J., PATTERSON, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.