## Grubbs, et ux. *v.* Everett, et ux.

No. 41164          May 11, 1959          111 So. 2d 923

*George B. Grubbs,* Mendenhall, for appellants.

*James B. Sykes,* Mendenhall; *Satterfield, Shell, Williams & Buford,* Jackson, for appellees.

McGEHEE, C. J.

As stated by the appellants in their brief, "the sole issue presented to the lower court was the delivery vel non of a warranty deed executed by Mrs. Betty Reed Everett on the 19th day of December, 1939, wherein these lands in controversy were sold and conveyed to Mrs.

Cola Grubbs, Mrs. Marie Williamson and Miss Iona Reed.''

A photographic copy of the original of the deed in question is made a part of the record before us and discloses that the deed was in fact signed and acknowledged by Mrs. Betty Reed Everett on the said 19th day of December, 1939, but was not filed for record until December 22, 1955, which was after the death of the grantor.

It was stipulated by the parties that this deed was ''executed'' by the grantor on the said 19th day of December, 1939, but that ''by execution it is not agreed that there was a delivery of this instrument, as this is the issue of this litigation.'' We think that this agreed stipulation recognizes that the complainants were to meet the burden of proving that the deed was delivered during the lifetime of the grantor. It is undisputed that the same was signed and acknowledged, and that the acknowledgment recites that the same was ''signed, sealed and delivered,'' but the proof discloses that the deed was never filed for record and was found in the trunk of the grantor after her death more than 16 years after the deed was signed and acknowledged.

█ █ We think that under Section 1690, Code of 1942, the grantee Mrs. Cola Grubbs was incompetent to testify to establish her own claim or defense against the estate left by Mrs. Betty Reed Everett at the time of the latter's death, and which claim originated during the lifetime of the said grantor. That therefore there was no error committed by the trial court in excluding the testimony of Mrs. Cola Grubbs as complainant and as a witness in the case, since the suit was to cancel as a cloud upon the title of the complainants the claim of the appellee I. G. Everett, the sole surviving heir of Mrs. Betty Reed Everett. █ █ The chancellor excluded competent testimony of Mrs. Sara Reed, offered by the defendants, in regard to the said witness having been pres-

ent when the deed was found in the trunk of the grantor after the latter's death, but if there was error in excluding this testimony it was harmless error since the finding of the chancellor was against the delivery of the deed during the lifetime of the grantor. She was not only testifying as to matters that occurred after the death of the grantor, but she was also not testifying to establish her own claim or defense against the estate of the deceased grantor. She married the brother of the grantor, and her testimony was calculated to defeat rather than to establish any claim to the land other than the claim of the appellee I. G. Everett.

Even though the grantor may have wanted the grantees to have this land at her death, as the testimony on behalf of the complainants tends to show, we think that the trial court was warranted in finding that the said purported grantor did not intend for this deed to be delivered until after her death, and that therefore the same never became operative. It was not shown that there was even a constructive delivery of the deed, as, for instance, delivering the same to the clerk to be recorded and with the request to thereafter deliver the same to the grantees. It is too well settled to require citation of authority that the delivery of a deed is essential to its validity.

At any rate, we are unable to say that the chancellor was manifestly wrong in his finding that the deed was never delivered and that therefore the same never became effective.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.