# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01558-SCT

*IN THE MATTER OF THE ESTATE*
*OF MARTHA R. SEAY HARDY:*

*MAYNETTE SEAY,*
*ANNETTE SEAY HINES*
*AND ELIZABETH SEAY SELF*

*v.*

*JAMES SEAY*

### ON MOTION TO CLARIFY

| | |
|---|---|
| DATE OF JUDGMENT: | 07/24/2000 |
| TRIAL JUDGE: | HON. DENNIS M. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JERRY P. 'JAY' HUGHES, JR. |
| ATTORNEY FOR APPELLEE: | KENNETH E. STOCKTON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 08/04/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The appellants' motion to clarify is granted.  The prior opinion, ***In re Estate of Hardy***, 805 So. 2d 515 (Miss. 2002), is vacated and withdrawn, and this opinion is substituted therefor.

¶2.     Three sisters, Maynette Seay, Annette Seay Hinds, and Elizabeth Seay Self, seek review of the DeSoto County Chancery Court's finding that their claims were barred under the general three-year statute of limitations found in Miss. Code Ann. § 15-1-49 (1995). We find that the attempted conveyances of the sisters' interest in certain real property were not valid, and were, in fact, void ab initio. An action to set aside the conveyances was therefore unnecessary, and no statutory limitation of action applies hereto.

## FACTS

¶3.     Martha R. Seay Hardy, a resident of Southaven, DeSoto County, Mississippi, died on April 19, 1994, leaving four children, Appellants Elizabeth Seay Self, Martha Seay Hines and Maynette Seay ("the sisters") and Appellee James Seay ("James"). Mrs. Hardy's Last Will and Testament, which named James as executor of her estate, was duly probated in DeSoto County in December of 1994. Over three years later, the sisters filed a petition seeking removal of James as executor and an accounting.

¶4.     A few months later the sisters filed a motion to declare void certain instruments of writing. Four warranty deeds dated April 1, 1994, had been found in their mother's purse on the date of her death. The warranty deeds transferred two tracts of real property in Lafayette County to the four children, giving each sister an undivided 1/3 interest in the first tract ("the Highway 30 property") and giving James all of the second tract ("the Highway 6 property"). These deeds were executed by Mrs. Hardy, but never filed or recorded.

¶5.     After a hearing, the chancellor made findings of fact and conclusions of law which are summarized as follows:

2

A.     Each of the four children executed powers of attorney in favor of Mrs. Hardy "for the purposes of facilitating the management of the land owned by the family and for the transaction of general business."   These powers of attorneys vested Mrs. Hardy "with broad powers to dispose of the property" and were filed of record in the Office of the Chancery Clerk of Lafayette County.   Over a twenty-year period, Mrs. Hardy conveyed numerous parcels of property with the knowledge of all four of her children.

B.     On April 1, 1994, Mrs. Hardy executed a warranty deed conveying the Highway 30 property to the sisters.   On the same date, Mrs. Hardy executed a warranty deed conveying the Highway 6 property to James.

C.     Each of the four children had knowledge of the execution and the existence of the warranty deeds.

D.     The applicable statute of limitations was Miss. Code Ann. § 15-1-49, which provides for a three-year limitation of actions.

E.     The sisters' cause of action accrued in April of 1994, when they were made aware of the existence of the warranty deeds.   The action to declare the warranty deeds void was not commenced until January 26, 1998.   The sisters' action was therefore barred by the three-year statute of limitations.

¶6.     Feeling aggrieved, the sisters request review of the chancellor's decision to dismiss their motion to set aside the four deeds purporting to convey real property situated in Lafayette County, Mississippi.

## DISCUSSION

3

## I. WHETHER THE DEEDS WERE VOID FOR LACK OF DELIVERY.

¶7.     Delivery and acceptance are essential to a deed's validity.  ***Martin v. Adams***, 216 Miss. 270, 62 So. 2d 328, 329 (1953).  The recording of a deed raises a presumption of its delivery, ***id.***, but this tenet is not applicable to the case at hand because the deeds in question were never recorded.

¶8.     A leading treatise defines "delivery" as "a transfer of [a deed] from the grantor to the grantee or his agent or to some third person for the grantee's use, in such manner as to deprive the grantor of the right to recall it at his option, and with intent to convey title."  23 Am. Jur. 2d *Deeds* § 120, at 156 (1983) (footnotes omitted).  If a grantor retains a deed and keeps it in his possession and control until his death and there is no indication that he intended to deliver the deed, it is void for want of delivery.  ***Grubbs v. Everett***, 236 Miss. 698, 701, 111 So. 923, 924 (1959) (Chancellor did not err in finding that, where grantor did not intend for a deed to be delivered until after her death, the deed never became operative because there was no delivery); *see also* ***Van Huss v. Wooten***, 186 S.W.2d 174 (Ark. 1945); ***Butts v. Richards***, 140 N.W. 1 (Wis. 1913).  The intent to deliver a deed must be mutual with the intent to accept the deed in order for delivery and acceptance to be complete.  ***Blankenship v. Myers***, 544 P.2d 314 (Idaho 1975).

¶9.     There is no proof in the record that the Highway 30 deeds were ever delivered to or accepted by the sisters.  In fact, each of the sisters testified unequivocally that she never accepted the deed.  Finding the deeds in Mrs. Hardy's purse after her death does not constitute

delivery or acceptance. There was also no evidence that Mrs. Hardy entrusted the deeds to a third party for safekeeping until her death, at which time the deeds were to be delivered.

¶10. We find that the Highway 30 deeds are merely instruments without effect or meaning. As we have stated,

> [O]ur inquiry is not whether the instrument was void or voidable, but whether, in legal contemplation, it was a deed. The statement of the principle by which such conveyances are held void presupposes a deed, and **such instrument is not a deed until delivery**. In the meantime it is a mere scroll under control of the grantor who is free to withdraw it, destroy it, or complete its execution by delivery.

*Ladner v. Moran*, 190 Miss. 826, 1 So. 2d 781, 783 (1941) (emphasis added).

¶11. James testified at the hearing that Mrs. Hardy delivered the Highway 6 deed to him at a Piccadilly cafeteria,[1] so, for argument's sake, we will assume that the Highway 6 deed had a valid delivery and acceptance.

## II. WHETHER MRS. HARDY HAD THE AUTHORITY TO CONVEY THE SISTERS' INTERESTS IN THE HIGHWAY 6 PROPERTY.

¶12. The power of attorney executed by the sisters and by James states Mrs. Hardy had the power to

> do and perform for us any and all acts which we might do and perform ourselves if personally present concerning any property, real or personal, in which we might own any interest of any type in Lafayette County, Mississippi, including but not limited to, the signing and delivery of any and all deeds, deeds of trust, promissory notes, leases, and other instruments of each and every kind which we might personally sign and deliver and the endorsement of our names on checks and other instruments.

---

[1]After Mrs. Hardy delivered the deed to James, he gave it back to Mrs. Hardy and asked her to have it recorded for him.

¶13. An agent must act in the best interest, and not to the detriment of, his principal. *McKinney v. King*, 498 So. 2d 387 (Miss. 1986) (deed void where attorney-in-fact did not justify how conveyance was in the best interest of the principal); *Laseter v. Sistrunk*, 251 Miss. 92, 168 So. 2d 652 (1964); *Consumer Credit Corp. v. Swilley*, 243 Miss. 838, 138 So. 2d 885 (1962).

¶14. There is no doubt that the Highway 6 deed was a gift to James. James testified that, when his mother gave him the Highway 6 deed, she stated, "I wanted to do this now. I want you to have this, and I appreciate you and love you and appreciate what you've done for me. I'm going to give the girls theirs." He understood that she was giving him the Highway 6 property "for being a good son."

¶15. Other states have held that a general power of attorney authorizing an agent to sell and convey property does not authorize the agent to make a gift of the property or to transfer it without a present consideration. *Johnson v. Fraccacreta*, 348 So. 2d 570 (Fla. Dist. Ct. App. 1977); *King v. Bankerd*, 492 A.2d 608 (Md. 1985); *Whitford v. Gaskill*, 480 S.E.2d 690, 691 (N.C. 1997); *Brown v. Laird*, 291 P. 352 (Or. 1930). A general power of attorney authorizing an agent to sell and convey property implies a sale for the benefit of the principal. *Arambula v. Atwell*, 948 S.W.2d 173, 177 (Mo. Ct. App. 1997).

¶16. We cannot see how Mrs. Hardy's conveyance of the sisters' 3/5 interest in the Highway 6 property to James could work to the benefit of the sisters in any way. Their 3/5 interest was taken away from them without their receipt of anything in return. Even if the Highway 30 deeds were valid, the conveyances did not benefit them. The Highway 6 property consisted of

approximately 160 acres (SE 1/4 of Section 2), and the Highway 30 property (to be shared by three sisters) consisted of approximately 40 acres plus a small parcel in an abutting section. Both parcels were situated on state highways. Even though there was no proof at trial of the value of these parcels, we take judicial notice of the disparity of values.

¶17. We find that Mrs. Hardy's conveyance of sisters' 3/5 interest in the Highway 6 property to James was not authorized under the power of attorney. The Highway 6 deed is therefore void ab initio insofar as it pertains to the sisters' 3/5 interest. *Money v. Wood*, 152 Miss. 17, 118 So. 357, 360 (1928).

### III.    OTHER ISSUES.

¶18. The sisters raise other claims which are not relevant to the issues decided herein. They first contend that the language in the Highway 6 deed which identifies Mrs. Hardy as the grantor was so ambiguous and insufficient that it was impossible to determine for whom she was acting in executing the deed. The granting language was sufficient because the Highway 6 deed refers to duly recorded powers of attorney granted to Mrs. Hardy by all persons who had ownership interests in the land being conveyed.

¶19. The sisters' claim that the deeds were void because they were not properly executed, notarized and acknowledged is moot because the deeds were never recorded. The applicable statute of limitations and the proper venue are not issues because the deeds were void ab initio.

### CONCLUSION

¶20. The judgment of the DeSoto County Chancery Court dismissing the sisters' motion to set aside deeds is affirmed in part as to James's 2/5 interest in the Highway 6 property situated in Lafayette County, Mississippi. The three instruments which attempted to convey the

Highway 30 property situated in Lafayette County, Mississippi, are declared void ab initio. The portion of the instrument which attempted to convey the sisters' 3/5 interest in the Highway 6 property situated in Lafayette County, Mississippi, is declared void ab initio. Therefore, the judgment of the DeSoto County Chancery Court is also reversed and rendered in part.

¶21. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**SMITH, C.J., COBB, P.J., EASLEY AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, CARLSON AND RANDOLPH, JJ., NOT PARTICIPATING.**