# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-01090-SCT

*LAGNIAPPE LOGISTICS, INC. AND CARLOS RODRIGUEZ, JR.*

*v.*

*SCOTT M. BURAS*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/17/2014 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| TRIAL COURT ATTORNEYS: | ANDREW S. HARRIS |
| | JOSHUA J. WIENER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JOSHUA J. WIENER |
| ATTORNEY FOR APPELLEE: | ANDREW S. HARRIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Occasionally, the question of whether the statute of limitations has run turns on the resolution of a fact question. In such cases, a statute-of-limitations defense cannot be resolved on a defendant's motion to dismiss based on Mississippi Rule of Civil Procedure 12(b)(6). In this case, the defendant filed a Rule 12(b)(6) motion to dismiss, claiming the statute of limitations has expired. The chancellor—finding it inappropriate to dismiss the case at the Rule 12(b)(6) stage due to an existing fact question—denied the motion. We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     Scott Buras and Carlos Rodriguez founded Lagniappe Logistics in 2004. Since then, Buras and Rodriguez's business relationship has deteriorated to the point that Buras left the company in June 2013. So, on February 19, 2014, Buras filed this complaint in the Hinds County Chancery Court, claiming that Rodriguez had been unjustly enriched through Lagniappe's operation. Buras's complaint requested that the chancellor declare Buras a fifty-percent owner of Lagniappe, order an accounting, judicially dissolve the company, and appoint a receiver or custodian to wind up its affairs.

¶3.     Rodriguez and Lagniappe moved to dismiss Buras's complaint based on Mississippi's catch-all, three-year statute of limitations.   According to the defendants, Buras's claims—which depended on Buras's status as an owner—were time-barred because Buras failed to file a legal action to rescind or cancel a 2006 agreement transferring his ownership interest to Rodriguez within three years of the agreement's execution.

¶4.     Buras responded that his complaint pleaded that he and Rodriguez had bargained for no consideration in exchange for his ownership interest. And because the failure to bargain for consideration precludes contract formation in the first instance, no contract ever existed to rescind or cancel, and no cause of action existed upon which the statute of limitations could have run. The chancellor—accepting Buras's well-pleaded allegations as true for purposes of the Rule 12(b)(6) motion—agreed and denied the defendants' motion. This Court then granted the defendants' petition for interlocutory appeal.

**ANALYSIS**

¶5.    A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.[1]  Rule 12(b)(6) motions should not be granted unless "'it appears beyond doubt that the plaintiff will be unable to prove *any set of facts* in support of his claim.'"[2]  When reviewing a Rule 12(b)(6) motion on appeal, we conduct a de novo review and must accept the allegations contained in the complaint as true.[3]

¶6.    In this case, the plaintiff filed suit seeking, among other things, to establish his ownership in a business.  The defendants claim the plaintiff entered into a contract that transferred away his interest in the business, and that the plaintiff's claims—based on his status as an owner—are time-barred because he failed to cancel or rescind the contract within three years.  The plaintiff responds that the contract was void because the parties never bargained for consideration and that the statute of limitations does not run on void contracts because they do not exist.  Stated another way, the plaintiff argues that when parties fail to bargain for consideration, they create no contract, so a party has no need to file a legal action to rescind it as nothing exists to cancel or rescind.  We agree.

¶7.    According to Buras's complaint, the 2006 agreement purporting to transfer his interest in Lagniappe never involved a bargained-for exchange of consideration.  "It is, of course, a

---

[1] *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008) (citing *Cook v. Brown*, 909 So. 2d 1075, 1077–78 (Miss. 2005)).

[2] *Covington Cty. Bank v. Magee*, 177 So. 3d 826, 828 (Miss. 2015) (quoting *City of Belmont v. Miss. State Tax Comm'n*, 860 So. 2d 289, 295 (Miss. 2003)) (emphasis added).

[3] *Magee*, 177 So. 3d at 828 (citing *City of Belmont*, 860 So. 2d at 295).

3

basic principle of the law of contracts that a contract is not formed between the parties absent the essential elements of offer, acceptance, and consideration."[4]  So, accepting Buras's allegations as true, the 2006 agreement lacked a basic prerequisite to contract formation.

¶8.    It is here that the defendants' statute-of-limitations argument fails.  For purposes of a Rule 12(b)(6) review, the Court must accept that no contract had been formed in 2006.  And, absent a contract, Buras had nothing to rescind or cancel.  In other words, the defendants argue that Buras needed to have a court invalidate a 2006 contract within three years of its formation.  But, accepting as true the allegations of Buras's complaint, no 2006 contract existed to invalidate.

¶9.    This Court has adopted a similar view with regard to deeds.  In **Estate of Hardy**, Martha Hardy died, and her will named her son James executor of her estate.[5]  More than three years after the probate of Hardy's will, James's three sisters filed a petition to remove him as executor and for an accounting.[6]  The sisters then filed a motion to declare void four warranty deeds.[7]  The deeds had been found in Martha Hardy's purse on the day of her death, and had purported to transfer interests in two pieces of real property to James and his sisters.[8]

---

[4] **Whiting v. Univ. of S. Miss.**, 62 So. 3d 907, 915 (Miss. 2011) (citing **Gatlin v. Methodist Med. Ctr., Inc.**, 772 So. 2d 1023, 1029 n.3 (Miss. 2000)).

[5] **In re Estate of Hardy**, 910 So. 2d 1052, 1054 (Miss. 2005).

[6] **Id.**

[7] **Id.**

[8] **Id.**

4

The chancellor concluded that Mississippi's catch-all three-year statute of limitations barred the sisters' motion because they had known of the deeds more than three years earlier.[9]

¶10.    The sisters appealed, and this Court reversed, concluding that the record revealed no evidence that the deeds had ever been delivered or accepted.[10]  Because "[d]elivery and acceptance are essential to a deed's validity," the Court concluded "that the Highway 30 deeds are merely instruments without effect or meaning."[11]  The Court explained that:

> [O]ur inquiry is not whether the instrument was void or voidable, but whether, in legal contemplation, it was a deed. The statement of the principle by which such conveyances are held void presupposes a deed, and such instrument is not a deed until delivery."[12]

The Court found "the attempted conveyances of the sisters' interest in certain real property were not valid, and were, in fact, void ab initio. An action to set aside the conveyances was therefore unnecessary, and no statutory limitation of action applies hereto."[13]

¶11.    As with the deeds in *Estate of Hardy*, Buras's factual allegations, if true—and we must accept them as true—establish that the 2006 agreement lacked a legal requirement for the formation of a legal instrument: in this case, a contract.  Because no contract ever was

---

[9] *Id.*

[10] *Id.* at 1053–55.

[11] *Id.* at 1054–55 (citing *Martin v. Adams*, 216 Miss. 270, 62 So. 2d 328, 329 (1953)).

[12] *In re Estate of Hardy*, 910 So. 2d at 1055 (quoting *Ladner v. Moran*, 190 Miss. 826, 1 So. 2d 781, 783 (1941)).

[13] *In re Estate of Hardy*, 910 So. 2d at 1053–54.

formed, "[a]n action to set aside the [contract] was therefore unnecessary, and no statutory limitation of action applies hereto."

¶12.    Other courts have reached similar conclusions. In ***Thompson v. Ebbert***, the Supreme Court of Idaho rejected the argument that an action to set aside a lease agreement was barred by the statute of limitations.[14] That court concluded that "[b]ecause the lease agreement was void ab initio, it could be challenged at any time."[15] Likewise, the United States District Court for the District of Puerto Rico has recognized that an agreement lacking consent is void ab initio, and that a claim to that effect "may not be subject to a limitations period."[16] And, in ***Edwards v. Allen***, the Supreme Court of Tennessee recognized that "[b]ecause [a county] ordinance is void ab initio, a statute of limitations is no defense."[17]

¶13.    So we affirm the chancellor's decision to reject the defendants' argument that the statute of limitations bars Buras's claims because he did not file an action to rescind or cancel the 2006 agreement within three years of its execution. Stated another way, there is no duty to file an action to rescind or cancel a contract that does not exist.

¶14.    The dissent errs by relying on the rebuttable presumption that a valid contract existed. At the Rule 12(b)(6) stage, we must accept Buras's allegations as true. Buras alleges that

---

[14] ***Thompson v. Ebbert***, 160 P.3d 754, 757 (Idaho 2007).

[15] ***Id.*** (citing ***S. Idaho Realty of Twin Falls, Inc.-Century 21 v. Larry J. Hellhake & Assocs.***, 636 P.2d 168, 173 (Idaho 1981)).

[16] ***Ocaso, S.A., Compania De Seguros Y Reaseguros v. Puerto Rico Mar. Shipping Auth.***, 915 F. Supp. 1244, 1257 (D. P. R. 1996).

[17] ***Edwards v. Allen***, 216 S.W.3d 278, 293 (Tenn. 2007).

6

while the contract does say consideration was bargained for and exchanged, that was not true. So, while the contract's language is sufficient to raise the rebuttable presumption that a valid contract existed, Buras has pleaded sufficient facts that, if accepted as true, rebut the presumption. And, if the presumption is rebutted, no contract ever existed, and Buras had nothing to invalidate within the three-year statute of limitations.

¶15. In the end, the plaintiff may fail to prove that consideration had not been bargained for, and that no contract existed to transfer his ownership interest that needed to be cancelled or rescinded within three years of its execution. But, we cannot—from the complaint—know "beyond doubt that the plaintiff will be unable to prove any set of facts"[18] that his claims are not time barred.

### CONCLUSION

¶16. Because Buras's well-pleaded allegations precluded Rule 12(b)(6) dismissal based on the statute of limitations, we affirm the chancellor's decision to deny the defendants' motion, and we remand this case to the chancery court for further proceedings consistent with this opinion.

¶17. **AFFIRMED AND REMANDED.**

---

[18]The dissent incorrectly emphasizes what we do not know: "Buras makes no allegation in his complaint that in the eight years between signing the agreement and leaving Lagniappe he asked to be issued shares, distributions, or dividends, to have access to Lagniappe's books or records, or otherwise to be treated as the co-owner he now claims to be." This statement exposes the dissent's failure to recognize the basic standard for Rule 12(b)(6) motions. The motion may not be granted based on what the court does not know. Rather, it may be granted only when "'it appears beyond doubt that the plaintiff will be unable to prove *any set of facts* in support of his claim.'" *Magee*, 177 So. 3d at 828 (quoting *City of Belmont*, 860 So. 2d at 295) (emphasis added).

**LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR.  MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., RANDOLPH, P.J., AND BEAM, J.**

**MAXWELL, JUSTICE, DISSENTING:**

¶18.   The majority affirms the denial of Lagniappe's motion to dismiss, finding "the question of whether the statute of limitations has run turns on a fact question" that "cannot be resolved" at the pleadings stage.  But it is well established that dismissal under Rule 12 is warranted where the defendant raises the affirmative defense of the statute of limitations and it is apparent on the face of the plaintiff's complaint.[19]  And here it is.  By simply looking to the face of the complaint, taking all Buras's allegations as true, it is obvious Buras's claims are nearly five years too late and thus subject to dismissal.

¶19.   Buras's claims all hinge on his allegation that in 2005 he and Rodriguez formed Lagniappe, with the expectation Buras would own half the company.  However, according to Buras's own pleading, he was never issued half of the 2,000 shares of common stock.  And soon after formation, Rodriguez took Buras off Lagniappe's bank account and rekeyed the lock on the door to Lagniappe's office.  Finally, in 2006, Rodriguez asked Buras to sign an agreement transferring any interest Buras may have had in Lagniappe to Rodriguez.  Buras

---

[19] "Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

admits he knowingly entered into this agreement. Under Rule 12(b)(6), we must take all of these allegations as true, because it was Buras who pled them.

¶20. The fatal snag to Buras's case is the fact he sat idly and waited until *eight years later* to allege he received "no consideration" in exchange for his agreement to transfer his interest. Of course, it is elementary there must be consideration for a contract to form. But here, the agreement Buras signed in 2006—and filed with the trial court as part of this suit—expressly stated he agreed to transfer his interest "*for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.*" So Buras's own complaint belies his allegation that he received "no consideration."

¶21. This is an important distinction from ***Estate of Hardy***,[20] the case on which the majority relies. There, the questioned deeds were found in the deceased grantor's purse but were never recorded. So there was *no presumption of delivery and acceptance*—an essential requirement to the deeds' validity.[21] But here, Buras stated in writing and filed an agreement which expresses that he had in fact received consideration. The reason this distinction is material is because, "[w]here the instrument in controversy contains a statement or recital of consideration, it creates a rebuttable presumption that consideration actually existed." ***Daniel v. Snowdoun Ass'n***, 513 So. 2d 946, 590 (Miss. 1987) (citations omitted). So on its face, the

---

[20] ***In re Estate of Hardy***, 910 So. 2d 1052 (Miss. 2005)

[21] ***Id.*** at 1054 ("The recording of a deed raises a presumption of its delivery, . . . but this tenet is not applicable to the case at hand because the deeds in question were never recorded.").

2006 transfer agreement contained all essential elements—including consideration—and unquestionably was a facially valid contract.

¶22.    There is no question that presumptions can be rebutted—just as facially valid contracts can be shown to be in fact invalid.  But such claims are still subject to the statute of limitations.  *Cf.* ***Covington v. Butler***, 242 So. 2d 444, 446-48 (Miss. 1970) (holding an action to set aside a deed, which was valid on its face and had not been questioned as being invalid, was subject to the applicable statute of limitations).  And here, Buras did *nothing* since 2006 to challenge the contract, which showed he had transferred all his interest in Lagniappe to Rodriguez through a valid contract—nothing until, according to Buras's own pleadings, he left his employment with Lagniappe and Lagniappe sued him.   Buras makes *no* allegation in his complaint that in the eight years between signing the agreement and leaving Lagniappe he asked to be issued shares, distributions, or dividends, to have access to Lagniappe's books or records, or otherwise to be treated as the co-owner he now claims to be.

¶23.    Despite the majority and trial court focusing on Buras's new "no consideration" allegation in a vacuum, our law requires us consider *all* allegations in Buras's complaint as true.  *See* ***Bowden v. Young***, 120 So. 3d 971, 978 (¶19) (Miss. 2013).  And under the very specific factual circumstances alleged by Buras, if the 2006 transfer agreement was never effective due to lack of consideration, the proper time to challenge the agreement was within three years of executing the contract.  Buras elected not do this.  Instead, he waited years later—and then only after he was sued by Lagniappe—to challenge the almost decade-old

interest-transfer agreement as being "void ab initio" due to "no consideration."  Judging solely by his own allegations on the complaint's face, this was years too late.  Because this end-run around the statute of limitations is improper, I dissent.

**WALLER, C.J., RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION.**