MAXWELL, JUSTICE,
DISSENTING:
1Í18. The majority affirms the denial of Lagniappe’s motion to dismiss, finding “the question of whether the statute of limitations has run turns on a fact question” that “cannot be resolved” at the pleadings stage. But it is well established that dismissal under Rule 12 is warranted where the defendant raises the affirmative defense of the statute of limitations and it is apparent on the face of the plaintiffs complaint.[19] And here it is. By simply looking to the face of the complaint, taking all Buras’s allegations as true, it is obvious Buras’s claims are nearly five years too late and thus subject to dismissal.
*680 ¶19. Buras’s claims all hinge on his allegation that in 2005 he and .Rodriguez formed Lagniappe, with the expectation Buras would own half the company. However, according to Buras’s own pleading, he was never issued half of the 2,000 shares of common stock. And soon after formation, Rodriguez took Buras off Lagniappe’s bank account and rekeyed the lock on the door to Lagniappe’s office. Finally, in 2006, Rodriguez asked Buras to sign an agreement transferring any interest Buras may have had in Lagniappe to Rodriguez. Buras admits he knowingly entered into this agreement. Under Rule 12(b)(6), we must take all of these allegations as true, because it was Buras who pled them.
¶20. The fatal snag to Buras’s case is the fact he sat idly and waited until eight years later to allege he received “no consideration” in exchange for his agreement to transfer his interest. Of course, it is elementary there must be consideration for a contract to form. But here, the agreement Buras signed in 2006 — and filed with the trial court as part of this suit — ¡expressly stated he agreed to transfer -his interest “for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.” So Buras’s own complaint belies his allegation that he received “no consideration.”
¶21. This is an important distinction from Estate of Hardy,[20] the case on which the majority relies. There, the questioned deeds were found in the deceased grant- or’s purse but were never recorded. So there was no presumption of delivery and acceptance — an essential requirement to the deeds’ validity.[21] But here, Buras stab-ed in writing and filed an agreement which expresses that he had in fact received consideration. The reason this distinction is material is because, “[wjhere the instrument in controversy contains a statement or recital of consideration, it creates a rebuttable presumption that consideration actually existed.” Daniel v. Snowdoun Ass’n, 513 So.2d 946, 950 (Miss.1987) (citations omitted). So on its face, the 2006 transfer agreement contained all essential elements — including consideration — and unquestionably was a facially valid contract.
¶22. There is no question that presumptions can be rebutted — just as facially valid contracts can be shown to be in fact invalid.. But such claims are still subject to the statute of limitations. Cf. Covington v. Butler, 242 So.2d 444, 446-48 (Miss.1970) (holding an action to set aside a deed, which was valid on its face and had not been questioned as being invalid, was subject to the applicable statute of limitations). And here, Buras did nothing since 2006 to challenge the contract, which showed he had transferred all his interest in Lagniappe to Rodriguez through a valid contract — nothing until, according to Bu-ras’s own pleadings, he left his employment with Lagniappe and Lagniappe sued him. Buras makes no allegation in his complaint that in the eight years between signing the agreement and leaving Lagniappe he asked to be issued shares, distributions, or dividends, to have access to Lagniappe’s books or records, or otherwise to be treated as the co-owner he now claims to be.
¶23. D.espite the majority and trial court focusing on Buras’s new “no consideration” allegation in a vacuum, our law requires us *681 consider all allegations in Buras’s complaint as true. See Bowden v. Young, 120 So.3d 971, 978 (¶ 19) (Miss.2013). And under the very specific factual circumstances alleged by Buras, if the 2006 transfer agreement was never effective due to lack of consideration, the proper time to challenge the agreement was within three years of executing the contract. Buras elected not do this. Instead, he waited years later — and then' only after he was sued by Lagniappe — to challenge the almost decade-old interest-transfer agreement as being “void ab initio” due to “no consideration.” Judging solely by his own allegations on the complaint’s face, this was years too late. Because this end-run around the statute of limitations is improper, I dissent.
WALLER, C.J., RANDOLPH, P.J.,. AND BEAM, J., JOIN THIS OPINION.

. "Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff’s complaint — most commonly that the statute of limitations has run — may properly be asserted in a Rule 12(b)(6) motion.” Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n. 3 (5th Cir.1997) (citing Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir.1994)).

. In re Estate of Hardy, 910 So.2d 1052 (Miss.2005)

. Id. at 1054 ("The recording of a deed raises a presumption of its delivery, ... but this tenet is not applicable to the case at hand because the deeds in question were never recorded.”).